IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES K. MYERS, #178978 | * | |
|     Petitioner, | | |
| v. | * | CIVIL ACTION NO. JFM-13-3534 |
| STATE OF MARYLAND | * | |
|     Respondent. | | |
| | ***** | |

MEMORANDUM

On November 20, 2013, this court-construed 28 U.S.C. § 2241 letter petition for habeas corpus was received for filing from James K. Myers ("Myers"), an inmate currently housed at the Maryland Reception, Diagnostic and Classification Center ("MRDCC") in Baltimore. The action represents a challenge to Myers's September 23, 2013 arrest on a parole retake warrant and his continuing detention "with no court date or no kind of bail." ECF No. 1.

Respondent filed a court-ordered response, which remains unopposed as of the within signature date. The record shows that on Myers received his parole revocation hearing on December 23, 2013 and his parole was revoked. ECF No. 3, Ex 2. According to respondent, Myers has not filed any petitions in state court raising the issues contained in this petition.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter). Myers does not dispute the fact that he has not exhausted his remedies as to his parole revocation hearing issue. Therefore, this action must be

dismissed for the failure to exhaust available state court remedies.[1] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

Because Myers has not exhausted his remedies his petition shall be dismissed without prejudice. The court declines to issue a certificate of appealability. A separate Order follows.

Date: February 6, 2014          ____/s/_____
                                J. Frederick Motz
                                United States District Judge

---

[1] An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[1] and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.